**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-3538

_____

UNITED STATES OF AMERICA

v.

BRANDON PAGE,
                              Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2-12-cr-00295-003)
District Judge: Honorable William S. Stickman IV

_____

Submitted: September 23, 2021

Before: JORDAN, PORTER, and RENDELL,
*Circuit Judges*.

(Filed: September 27, 2021)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

PORTER, *Circuit Judge*.

Brandon Page appeals the District Court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Page seeks release from prison because he believes that, due to the state of his health, he faces a heightened risk of death or serious injury if he contracts COVID-19. We will affirm the District Court's order. We write for the parties, who are familiar with the record.[1]

Section 3582(c)(1)(A)(i) permits a court to "reduce the term of imprisonment" for a prisoner if the court finds that "extraordinary and compelling reasons warrant such a reduction" and "the factors set forth in section 3553(a)" support such a reduction. Relevant here, § 3553(a) requires a sentencing court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" as well as "the need for the sentence imposed," including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and deter criminal conduct.

Among other findings, the District Court denied Page's motion after weighing the § 3553(a) factors and determining the factors weighed against Page's release. We will limit our review to the District Court's application of the § 3553(a) factors since affirmance on this ground alone means Page's appeal fails. We review the District Court's application of the § 3553(a) factors for abuse of discretion, and we will not disturb the court's determination unless we are left with a "definite and firm conviction

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 and § 3582(c). We have jurisdiction under 28 U.S.C. § 1291.

that [it] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020) (alteration in original) (internal quotation marks omitted) (quoting *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000)).

When it weighed the § 3553(a) factors, the District Court determined that Page's ten-year sentence "reflects the serious nature of his crime and the fact that he was part of a major drug trafficking conspiracy." App. 13–14. The court explained that it could not "overemphasize the seriousness of Page's crime" and determined that the sentence Page received "serves to deter other individuals who might consider engaging in a criminal drug trafficking conspiracy." App. 13–14. Indeed, Page pleaded guilty to conspiracy to distribute one to three kilograms of heroin in violation of 21 U.S.C. § 846. Referencing the § 3553(a) factors, the District Court concluded, "Granting Page compassionate release would not reflect the seriousness of his crimes, promote respect for the law, provide just punishment, afford adequate deterrence from future crime by him, nor would it prevent sentencing disparities." App. 14.

Page also complains that the District Court erred in its weighing of the § 3553(a) factors by not giving enough weight to the fact that he only had a short amount of time remaining on his sentence. When the District Court issued its order in December 2020, Page had approximately a year left to serve on his ten-year sentence.

The District Court did not abuse its discretion when it weighed the § 3553(a) factors. While the length of time remaining on a prison sentence is a factor a district court can consider, *Pawlowski*, 967 F.3d at 331, the District Court acted within its discretion in

3

determining that the seriousness of Page's crime, his criminal history, and the leniency Page previously received on the length of his sentence outweighed the limited period of time remaining on Page's sentence. Numerous lower courts have reached the same conclusion under similar circumstances, demonstrating that the District Court acted reasonably. *See, e.g.*, *United States v. Santiago*, Nos. 15-505, 16-505, 2020 WL 4015245, at *1, *4 (E.D. Pa. July 15, 2020) (denying motion for compassionate release when prisoner had approximately a year remaining on a 97-month sentence because of the "seriousness of [the prisoner]'s criminal history," which included "trafficking large quantities of drugs and illegally purchasing firearms"); *United States v. Johnson*, No. 08-297, 2020 WL 7488644, at *1, *4 (E.D. Pa. Dec. 21, 2020) (denying motion for compassionate release when prisoner had seven months remaining on his twenty-four month sentence because he twice pleaded guilty "to fleeing from police and carrying an unlicensed firearm").

\*   \*   \*

We will affirm the order of the District Court.